IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ROSA COLQUITT,                                  3:15-CV-00807-BR

         Plaintiff,                              OPINION AND ORDER

v.

MANUFACTURERS AND TRADERS
TRUST COMPANY (a Foreign
Business Corporation) doing
business as M&T BANK,

         Defendant.


**JACOB D. BRAUNSTEIN**
Clarke Balcom, PC
1312 S.W. 16th Avenue
2nd Floor
Portland, OR 97201
(503) 224-5950

         Attorneys for Plaintiff

**DAVID J. ELKANICH**
**NELLIE Q. BARNARD**
Holland & Knight, LLP
2300 US Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
(503) 243-2300

         Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Manufacturers and Traders Trust Company's Motion (#20) to Dismiss Plaintiff's Third Amended Complaint.  For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DISMISSES** this matter **with prejudice**.

<u>BACKGROUND</u>

The following facts are taken from Plaintiff's Third Amended Complaint and the parties' filings related to Defendants' Motion to Dismiss.

In 2006 Plaintiff Rosa Colquitt refinanced her home with a loan from Defendant with an interest rate of 7.5% "for the life of the loan."  Plaintiff alleges Defendant advised her at the time she entered into the 2006 loan that she would be entitled to receive a "permanent loan modification with a lower interest rate" if she made timely payments for two years.

Plaintiff made timely payments on the loan for two years. Plaintiff subsequently "repeatedly attempted to obtain a permanent loan modification from Defendant that contain[ed] terms consistent with the parties' agreement."  Third Am. Compl. at ¶ 15.  At some point before April 2010 Plaintiff received a loan modification from Defendant, and her interest rate was

temporarily lowered between April 2010 and April 2013.[1]

In September 2012 and May 2013 Plaintiff submitted to Defendant applications for permanent loan modifications. Defendant denied both applications.

In early 2013 Plaintiff

> had a [tele]phone conversation with an M&T Bank representative about her loan and the status of her modification. . . . During the discussion, Defendant's representative asked Plaintiff when Plaintiff obtained the loan originally. Plaintiff replied, "2006." The representative then asked Plaintiff if she was black. Plaintiff replied that yes, she is black. Defendant's representative then told Plaintiff that she was not going to get a modification and that "those loans" were being sent to foreclosure.

Third Am. Compl. at ¶ 30.

On July 15, 2013, Defendant offered Plaintiff a repayment plan for up to 18 months that set payments at nearly $800 per month higher than those of her original refinance loan. Plaintiff "verbally rejected the repayment plan."

On October 7, 2013, Defendant denied Plaintiff's application for loan modification "due to Plaintiff's failure to make all of the required payments under a trial payment period."

---

[1] Although Plaintiff omitted the allegations related to this loan modification from her Third Amended Complaint, Plaintiff did not object when Defendant made reference to those allegations in its Motion to Dismiss. In addition, in the parties' briefs related to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint the parties agreed Defendant gave Plaintiff a loan modification in 2010 that lowered Plaintiff's interest rate for three years.

On April 4, 2014, Plaintiff received a letter from Defendant "inviting Plaintiff to apply for a permanent loan modification." Plaintiff applied for a permanent loan modification in response to Defendant's letter.

On September 4, 2014, Defendant denied Plaintiff's application for a loan modification and advised Plaintiff that she "was allowed only one loan modification for the life of the loan despite . . . never having given Plaintiff a loan modification."  Third Am. Compl. at ¶ 36.[2]

On May 16, 2014, Northwest Trustee Services, "the foreclosure trustee for Defendant," initiated a nonjudicial foreclosure on Plaintiff's property.  The sale was enjoined in February 2015 when Plaintiff obtained a preliminary injunction.[3]

On September 17, 2014, Plaintiff filed an action in Washington County Circuit Court against Defendant and Northwest Trustee Services, Inc.  According to the parties, the state court issued a limited judgment on March 26, 2015, as to Northwest Trustee Services pursuant to a stipulation by Plaintiff and

---

[2] As noted, the parties agreed in the context of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint that Defendant provided Plaintiff with a temporary loan modification in 2010.  The Court, viewing this allegation in the light most favorable to Plaintiff, interprets this allegation as an assertion that Defendant never gave Plaintiff a *permanent* loan modification.

[3] Plaintiff does not identify the court that issued a preliminary injunction, but this Court infers the injunction was granted by the Washington County Circuit Court.

4 - OPINION AND ORDER

Northwest Trustee.

On May 1, 2015, Plaintiff filed a second amended complaint in state court against only Defendant asserting claims for unlawful discrimination in violation of Oregon Revised Statute § 659A.421; unfair trade practices in violation of Oregon Revised Statute § 646.607, *et seq.*; violation of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691; and violation of the Fair Housing Act (FHA), 42 U.S.C. § 3605.

On May 11, 2015, Defendant removed the matter to this Court on the basis of federal-question jurisdiction.

On June 10, 2015, Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint on the grounds that portions of Plaintiff's claims are barred by the applicable statutes of limitation and that Plaintiff failed to state claims for relief.

On October 9, 2015, the Court issued an Opinion and Order in which it granted Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint.  Specifically, the Court dismissed the following claims with prejudice as untimely:  (1) Plaintiff's claims for violation of Oregon Revised Statute § 659A.421 and the FHA to the extent that those claims involved the 2006 loan origination and Plaintiff's modification applications denied before September 17, 2012; (2) Plaintiff's claim for violation of the Oregon UTPA to the extent that claim involved the 2006 loan origination and/or Plaintiff's modification applications that

Defendant denied before September 17, 2013; and (3) Plaintiff's claim for violation of the ECOA to the extent that claim involved the 2006 loan origination and Plaintiff's modification applications denied before September 17, 2009.  The Court dismissed the remainder of Plaintiff's claims for failure to state a claim and granted Plaintiff leave to file a Third Amended Complaint to cure the deficiencies in those claims set out in the Court's Opinion and Order.

On November 18, 2015, Plaintiff filed a Third Amended Complaint.

On December 14, 2015, Defendant filed a Motion to Dismiss Plaintiff's Third Amended Complaint.  The Court took Defendant's Motion under advisement on January 21, 2016.

## STANDARDS

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id*. at 556. . . .  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id*. at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

The pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). *See also* Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(citation omitted). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted).

**DISCUSSION**

As noted, Defendant moves to dismiss all of Plaintiff's claims on the ground that Plaintiff fails to state claims for violation of § 659A.421(3), the FHA, Oregon UTPA, and the ECOA.

**I.  Plaintiff's claims for violation of § 659A.421(3) and the FHA.**

Oregon Revised Statute § 659A.421(3)(a) provides in pertinent part:  "A person whose business includes engaging in residential real estate related transactions may not discriminate against any person in making a transaction available, or in the terms or conditions of the transaction, because of race." Section 3605(a) of the FHA provides in pertinent part:  "It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race."  There is not any Oregon appellate decision interpreting Oregon Revised Statute § 659A.421(3).  This Court, therefore, looks to federal authority related to the FHA and other federal discrimination statutes to interpret § 659A.421(3)(a).

To state a *prima facie* claim for disparate treatment under the FHA and § 659A.421(3), Plaintiff must allege:

> (1) [she was] a member of a protected class;
> (2) [she] attempted to engage in a "real estate-related transaction" with [Defendant], and met

all relevant qualifications for doing so;
(3) [Defendant] refused to transact business with
[Plaintiff] despite [her] qualifications; and
(4) [Defendant] continued to engage in that type
of transaction with other parties with similar
qualifications.

*Bojorquez v. Wells Fargo Bank, NA*, No. 6:12-CV-02077-AA, 2013 WL
6055258, at *6 (D. Or. Nov. 7, 2013)(quotation omitted).
Plaintiff must also plead Defendant refused to transact business
with Plaintiff because of her race.  *Id*.

As noted, in her Second Amended Complaint Plaintiff alleged
Defendant violated § 659A.421(3) when it "discriminated against
Plaintiff in making a transaction available, or in the terms or
conditions of the transaction, because of Plaintiff's race."
Second Am. Compl. at ¶ 27.  Plaintiff alleged in her Second
Amended Complaint that Defendant violated § 3605 of the FHA when
it refused "to give loan terms for which Plaintiff was qualified
and other discriminatory conduct continuing as late as September
4, 2014."  Second Am. Compl. at ¶ 47.  Plaintiff also alleged she
had a telephone exchange with Defendant's representative in the
first half of 2013 in which the representative asked Plaintiff if
she was black and then told her that she was "not going to get a
modification and that those loans were being sent to
foreclosure."

In its October 9, 2015, Opinion and Order the Court noted it
was questionable whether Plaintiff's single allegation of the
telephone conversation in which Defendant's representative asked

9 - OPINION AND ORDER

her if she was black was sufficient to support Plaintiff's claim
that Defendant refused to offer Plaintiff a loan modification
from February 2013 through September 2014 on that basis.  The
Court concluded, however, that even if it accepted that
allegation as sufficient, Plaintiff's Second Amended Complaint,
viewed in the light most favorable to Plaintiff, did not contain
any allegation that Plaintiff "met all relevant qualifications"
for a loan modification or that Defendant "continued to engage in
that type of transaction with other parties with similar
qualifications."  The Court notes Plaintiff made those kinds of
allegations related to the 2006 loan origination, but that
portion of her claim was foreclosed as untimely and the
allegations related to that transaction were not repeated as to
Plaintiff's requests for subsequent loan modifications.
Moreover, with respect to the offer by Defendant for a repayment
plan that has payments "almost $800 per month higher than those
of her original loan," the Court noted Plaintiff failed to plead
that she "met all relevant qualifications" for a lower repayment
interest rate or a lower payment amount or that Defendant offered
lower repayment interest rates or payment amounts to other
parties with similar qualifications.

In her Third Amended Complaint Plaintiff does not include
any additional factual allegations relating to her qualifications
for a loan modification or to Defendant's conduct in those kinds

of transactions with other parties with similar qualifications to give rise to an inference that Defendant denied her loan modifications on the basis of her race.  Moreover, the question remains as to whether Plaintiff's single allegation of the telephone conversation in which Defendant's representative asked her if she was black is sufficient to support Plaintiff's claim that Defendant refused to offer Plaintiff a loan modification from February 2013 through September 2014 on that basis.  Even if that allegation was sufficient, however, Plaintiff still fails to support her allegations sufficiently as to her qualifications for a loan modification during the relevant period.  Although Plaintiff alleges "on information and belief" that she was qualified for a loan modification, Plaintiff does not allege sufficient facts for the Court to infer without speculating that she qualified for such a loan modification; for example, Plaintiff does not allege any facts regarding her debt level, her income, the amount of her loan payments, or other financial information at the time of her various applications for loan modifications.  The Court, therefore, cannot infer Plaintiff was qualified for a loan modification or that people with qualifications similar to Plaintiff received loan modifications.  Accordingly, the Court concludes Plaintiff has failed to state claims for violation of Oregon Revised Statute § 659A.421(3) and § 3605 of the FHA.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claims for violation of Oregon Revised Statute § 659A.421(3) and § 3605 of the FHA.  Because Plaintiff previously was given the opportunity to replead her claims with sufficiency and has failed to do so, the Court declines to permit Plaintiff to replead these claims again and dismisses them with prejudice.

**II.  Plaintiff's UTPA claim.**

The UTPA allows a private right of action for persons who have suffered an "ascertainable loss of money or property, real or personal, as a result of another person's willful use or employment of a method, act or practice declared unlawful under ORS 646.608."  Or. Rev. Stat. § 646.638(1).

To state a claim under the UTPA Plaintiff must allege: (1) a violation of § 646.608(1), (2) causation, (3) damages, and (4) willfulness by Defendant.  *See Fleshman v. Wells Fargo Bank, N.A.*, 27 F. Supp. 3d 1127, 1139 (D. Or. 2014).  *See also Feitler v. Animation Celection, Inc.*, 170 Or. App. 702, 708 (2000).  In its October 9, 2015, Opinion and Order the Court noted Plaintiff failed to identify which of the 77 possible sections of § 646.608(1) that Defendant allegedly violated and failed to specifically plead willfulness by Defendant.  The Court noted "[a] willful violation occurs when the person committing the violation knew or should have known that the conduct of the

person was a violation." Or. Rev. Stat. § 646.605(10).

In her Third Amended Complaint Plaintiff alleges Defendant failed to deal with her in good faith in violation of Oregon Revised Statute § 646.608(1)(u), which provides: "A person engages in an unlawful practice if in the course of the person's business . . . the person . . . [e]ngages in any other unfair or deceptive conduct in trade or commerce." Although Plaintiff alleges Defendant "willfully made false and misleading representations concerning credit availability and the nature of the transaction when it denied each of Plaintiff's applications for loan modification," she fails to allege any specific facts as to how Defendant failed to deal with her in good faith. Plaintiff also does not identify with any specificity what statements made by Defendant were false and misleading. In addition, Plaintiff does not include any allegations from which the Court could infer Defendant "knew or should have known [its conduct] was a violation" of the UTPA.

Finally, Plaintiff does not allege sufficient facts to support the element of causation, which requires a plaintiff to plead "sufficient detail to put Defendant on notice of the causal relationship between a particular alleged unfair business practice and the ascertainable loss and damages incurred as a result of that particular conduct." *Fleshman v. Wells Fargo Bank, N.A.*, 27 F. Supp. 3d 1127, 1141 (D. Or. 2014).

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's UTPA claim.  Because Plaintiff previously was given the opportunity to replead her UTPA claim with sufficiency and has failed to do so, the Court declines to permit Plaintiff to replead that claim again and dismisses it with prejudice.

**III.  Plaintiff's ECOA claim**.

15 U.S.C. § 1691(a)(1) prohibits a creditor from discriminating against any applicant "with respect to any aspect of a credit transaction on the basis of race."  To state a claim for violation of the ECOA Plaintiff must allege she "(1) is a member of a protected class; (2) applied for credit; (3) was qualified for credit; and (4) was denied credit, despite being qualified."  *Blair v. Bank of Am., N.A.*, No. 10-CV-946-SI, 2012 WL 860411, at *12 (D. Or. Mar. 13, 2012)(citation omitted).

In is October 9, 2015, Opinion and Order the Court concluded Plaintiff failed to allege in her Second Amended Complaint that she was qualified to receive loan modifications from February 2013 through September 2014 or to allege any facts from which the Court could infer Plaintiff was qualified to receive such modifications.  The only factual allegations in Plaintiff's Second Amended Complaint related to Plaintiff's creditworthiness based on her credit score, income, and employment at the time of the 2006 loan origination.  Plaintiff's Second Amended Complaint, however, did not contain any factual allegations related to

factors that might establish Plaintiff's the creditworthiness at
the time of her modification applications.  As noted, Plaintiff
received a loan modification from April 2010 to April 2013 that
temporarily reduced the interest rate on her loan.  Accordingly,
the Court cannot infer Plaintiff was denied credit during that
time.

In her Third Amended Complaint Plaintiff still fails to make
any factual allegations as to factors that might establish the
creditworthiness of Plaintiff at the time of her modification
applications as set out above.  For the reasons noted earlier,
the Court concludes Plaintiff's bare assertion that she was
qualified "on information and belief" is insufficient to state a
claim under the ECOA.  Moreover, Plaintiff has not alleged facts
as to the financial information that she provided to Defendant
such as income, debt level, credit score, or other information
relevant to her creditworthiness at the time of her loan-
modification applications.  The Court, therefore, concludes
Plaintiff has not stated a claim for violation of the ECOA.

Accordingly, the Court grants Defendant's Motion to Dismiss
Plaintiff's ECOA claim.  Because Plaintiff previously was given
the opportunity to replead her ECOA claim with sufficiency and
has failed to do so, the Court declines to permit Plaintiff to
replead that claim again and dismisses it with prejudice.

15 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#20) to Dismiss Plaintiff's Third Amended Complaint and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 1st day of April, 2016.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

16 - OPINION AND ORDER